1   Jeffrey A. Silvestri, Esq.
    Nevada Bar No. 5779
2   Josephine Binetti McPeak, Esq.
    Nevada Bar No. 7994
3   McDONALD CARANO WILSON LLP
    2300 West Sahara Avenue, Suite 1000
4   Las Vegas, NV 89102
    Telephone: (702) 873-4100
5   Facsimile: (702) 873-9966
    Email: jsilvestri@mcdonaldcarano.com
6        jmcpeak@mcdonaldcarano.com

7   David S. Bloch (*pro hac vice forms will be filed*)
    Jennifer Golinveaux (*pro hac vice forms will be filed*)
8   K. Joon Oh (*pro hac vice forms will be filed*)
    Beth A. Derby (*pro hac vice forms will be filed*)
9   WINSTON & STRAWN LLP
    101 California Street
10  San Francisco, CA 94111-5894
    Telephone:    (415) 591-1000
11  Facsimile:    (415) 591-1400
    Email: dbloch@winston.com
12       jgolinveaux@winston.com
         koh@winston.com
13       bderby@winston.com

14  *Attorneys for Plaintiff AEVOE CORP.*

15                      UNITED STATES DISTRICT COURT

16                            DISTRICT OF NEVADA

17

18  AEVOE CORP., a California corporation,          Case No. 2:12-cv-00054-GMN-PAL

19            Plaintiff,
                                                    **[PROPOSED] TEMPORARY**
20       vs.                                        **RESTRAINING ORDER, SEIZURE, AND**
                                                    **ORDER TO SHOW CAUSE RE:**
21  SHENZHEN MEMBRANE PRECISE                       **PRELIMINARY INJUNCTION**
    ELECTRON LTD., a China corporation,
22
              Defendant.
23

24

25       Plaintiff Aevoe Corp. has moved *ex parte* for a Temporary Restraining Order, Seizure

26  and Impoundment Order, and an Order to Show Cause for a Preliminary Injunction, pursuant to

27  Federal Rule of Civil Procedure 65 and the Patent Act (35 U.S.C. § 283). Aevoe alleges that

28  defendant Shenzhen Membrane Precise Electron Ltd. ("Shenzhen Membrane") is importing and

McDONALD · CARANO · WILSON LLP
2300 WEST SAHARA AVENUE · NO. 10 · SUITE 1000 · LAS VEGAS, NEVADA
PHONE (702)873-4100 · FAX (702) 873-9966

1  offering for sale goods that infringe Aevoe's U.S. Patent 8,044,942 ("the '942 Patent"). The
2  Court, having considered the Complaint, Memorandum of Law, Declaration and exhibits
3  submitted herewith, finds and concludes as follows:

4      1.      Aevoe is likely to succeed in showing that Shenzhen Membrane has infringed
5  and is continuing to infringe the '942 Patent, and that Shenzhen Membrane has imported and
6  offered for sale goods infringing upon the '942 Patent, specifically the I Love My Cover! and
7  Membrane products (collectively, "Infringing Goods").

8      2.      The importation, offer for sale, and/or sale of the Infringing Goods will result in
9  immediate and irreparable injury to Aevoe in the form of loss of income, loss of goodwill,
10  dilution and lessening of the value of the '942 Patent, and interference with Aevoe's ability to
11  exploit its '942 Patent and exclude others from using its patent, if seizure of such Infringing
12  Goods, as well as any related advertising and business records related thereto, is not ordered.

13      3.      The harm to Aevoe in denying the requested seizure order outweighs the harm to
14  the legitimate interests of Shenzhen Membrane from granting such an order.

15      4.      It appears to the Court that Shenzhen Membrane is manufacturing, importing,
16  offering for sale, and/or selling Infringing Goods and will continue to carry out such acts unless
17  restrained by Order of the Court.

18                          **TEMPORARY RESTRAINING ORDER**

19      IT IS HEREBY ORDERED THAT pending a hearing on Aevoe's application for a
20  preliminary injunction, Shenzhen Membrane, its agents, servants, employees, confederates,
21  attorneys, and any persons acting in concert or participation with them, or having knowledge of
22  this Order by personal service or otherwise be, and hereby are, immediately and temporarily
23  restrained from practicing or otherwise using U.S. Patent No. 8,044,942, or any reproduction,
24  counterfeit, copy, or colorable imitation of the same; and transferring, moving, returning,
25  destroying, or otherwise disposing of any Infringing Goods except pursuant to the below
26  Seizure and Impoundment Order.

27

28

2

1    IT IS FURTHER ORDERED THAT security pursuant to Federal Rule of Civil
2  Procedure 65.1 be posted no later than three business days after entry of this Order in the
3  amount of $10,000.00.

4                    **SEIZURE AND IMPOUNDMENT ORDER**

5    IT IS FURTHER ORDERED THAT the United States Marshal for this District and all
6  other Districts within the geographic confines of the United States of America, and/or any
7  federal or state, county or local law enforcement authorities in this District and all other
8  Districts within the geographic confines of the United States of America or its protectorates (the
9  "Marshal"), assisted by one or more attorneys or representatives of Aevoe, is hereby authorized
10  and directed to seize, impound, and deliver to Aevoe or its representatives any and all
11  Infringing Goods, as well as advertising or marketing materials for the same and any means for
12  making the same; the books and records (including computer tapes or disks) relating thereto;
13  and the containers in which the same are held or transported, which Shenzhen Membrane sells,
14  attempts to sell, or holds for sale within the geographic confines of the United States, from the
15  date this Order is signed until midnight on _____, 2012.

16    IT IS FURTHER ORDERED THAT the Marshal, assisted by one or more attorneys or
17  representatives of Aevoe, is hereby authorized to seize and impound all Infringing Goods, as
18  well as advertising or marketing materials for the same and any means for making the same; the
19  books and records (including computer tapes or disks) relating thereto; and the containers in
20  which the same are held or transported in the possession or under the control of Shenzhen
21  Membrane, employing whatever reasonable force is necessary under the circumstances to carry
22  out the seizure, including that necessary to enter premises owned, leased, or controlled by
23  Shenzhen Membrane, and/or such other location and things to be searched where such
24  infringing merchandize and business records relating thereof may be found, and to inspect the
25  contents of any rooms, vehicles, closets, cabinets, containers, cases, desks, computers,
26  databases, and software or documents located in the areas and under the control of Shenzhen
27  Membrane.

3

1          IT IS FURTHER ORDERED THAT to enforce compliance with this Order, the

2   attorneys for Aevoe or their designee shall accompany the Marshal and those persons working

3   under his supervision, and the Marshal shall inventory items so seized. Such items shall be in

4   the constructive possession of the Marshal although they shall be released to the custody of the

5   attorneys for Aevoe or storage at location(s) to be designated by the attorneys for Aevoe. All

6   merchandise, means of making such merchandise, and other items seized shall be appropriately

7   tagged to permit identification. Shenzhen Membrane shall be given a receipt therefore. Such

8   merchandise seized shall be made available for inventory or inspection by any party or its

9   counsel during normal business hours.

10         IT IS FURTHER ORDERED THAT anyone interfering with the execution of this Order

11  is subject to arrest by the Marshal or his representative.

12         IT IS FURTHER ORDERED THAT counsel for Aevoe, on whose behalf the Court

13  issues this Order, will act as a substitute custodian of any and all property seized pursuant to

14  this Order and shall hold harmless the Marshal from any and all claims asserted in any court or

15  tribunal, arising from any acts, incidents, or occurrences in connection with the seizure and

16  possession of the defendant's property, including any third party claims.

17         IT IS FURTHER ORDERED THAT Aevoe shall be responsible to the Marshal for all

18  of his fees and charges, including all extraordinary expenses and overtime pay incurred in

19  carrying out this Order.

20         IT IS FURTHER ORDERED THAT Shenzhen Membrane, its agents, servants,

21  employees, officers, attorneys, successors, and assigns, and all persons, firms, and corporations

22  acting in concert or participation with Shenzhen Membrane shall give to the Marshall or other

23  law enforcement officers correct names, Social Security Numbers, driver's license numbers,

24  passport information, visa information, residential and business addresses, and phone numbers

25  for all individuals in any way involved in the acts alleged above; and locations and places

26  where the infringing items are or have been stored.

27         IT IS FURTHER ORDERED THAT, when executing the seizure and impoundment

28  provisions of this Order, the Marshal shall serve only a copy of this Order, the Summons and

4

1    Complaint, by leaving them at the usual place of business of Shenzhen Membrane, or of any
2    agent of Shenzhen Membrane, or at the place where Infringing Goods are found, with any
3    person of suitable age and discretion, and that such service shall be deemed adequate and
4    proper to give notice to Shenzhen Membrane of the terms of this Order and of the hearing on
5    Aevoe's Request for a Preliminary Injunction. Aevoe shall promptly provide copies of all
6    documents filed in support of this Order to any party or its attorney of record requesting such
7    documents.

8         IT IS FURTHER ORDERED THAT Aevoe's attorneys or agents shall promptly inspect
9    all items seized, and if any items are found to be non-infringing products, such items shall be
10   returned to Shenzhen Membrane within fifteen (15) business days after the date this Order is
11   executed.

12                                      **ORDER TO SHOW CAUSE**

13        THEREFORE, IT IS ORDERED THAT Shenzhen Membrane show cause on the _____
14   day of _____ 2012, at _____, or as soon thereafter as counsel can be heard,
15   in Courtroom ____ of the United States District Court for the District of Nevada, Las Vegas,
16   why an Order pursuant to Federal Rule of Civil Procedure 65 should not be entered granting to
17   Aevoe a preliminary injunction enjoining and restraining Shenzhen Membrane, its agents,
18   servants, employees, confederates, attorneys, and any persons acting in concert or participation
19   with them, or having knowledge of this Order by personal service or otherwise, immediately
20   and temporarily from practicing or otherwise using U.S. Patent No. 8,044,942, or any
21   reproduction, counterfeit, copy, or colorable imitation concerning the same, pending trial.

22        IT IS FURTHER ORDERED THAT Shenzhen Membrane's answering papers, if any,
23   shall be filed with the Clerk of this Court and with chambers and served on the attorneys for
24   Aevoe on or before _____ on _____, 2012, and that reply papers, if any, shall be
25   filed with the Clerk of this Court and with chambers and served on the attorneys for Shenzhen
26   Membrane on or before _____ on _____, 2012.

27        Shenzhen Membrane is hereby given notice that failure to attend the hearing scheduled
28   herein could result in confirmation of the seizure authorized herein; destruction or other

McDONALD · CARANO · WILSON LLP
2100 WEST SAHARA AVENUE•NO. 10, SUITE 1000 • LAS VEGAS, NEVADA
PHONE (702)873-4100 • FAX (702) 813-9966

                                              5

1   disposition of the goods, if any, so seized; immediate issuance of the prayed for preliminary

2   injunction, to take effect immediately upon expiration or dissolution of the within temporary

3   restraining order, and extending for the pendency of this litigation upon the same terms and

4   conditions as this temporary restraining order. Shenzhen Membrane is hereby given further

5   notice that it shall be deemed to have actual notice of the issuance and terms of such

6   preliminary injunction and that any act by it in violation of any of the terms thereof may be

7   considered and prosecuted as contempt of this Court.

8

9         IT IS SO **ORDERED** this ___ day of January, 2012 at _____.

10

11

12                               U.S. DISTRICT COURT JUDGE

13   SUBMITTED BY:

14   McDONALD CARANO WILSON LLP

15

16   By:
17       Jeffrey A. Silvestri, Esq. (# 5779)
        Josephine Binetti McPeak, Esq. (#7994)
        2300 West Sahara Avenue, Suite 1000
18       Las Vegas, NV 89102
        Telephone: (702) 873-4100
19       Facsimile: (702) 873-9966
        jsilvestri@mcdonaldcarano.com
20       jmcpeak@mcdonaldcarano.com

21       WINSTON & STRAWN LLP
        David S. Bloch
22       Jennifer Golinveaux
        K. Joon Oh
23       Beth A. Derby

24       *Attorneys for Plaintiff AEVOE CORP.*

25
      LVDOCS-#242040-v1
26

27

28

McDONALD • CARANO • WILSON LLP
2300 WEST SAHARA AVENUE-NO. 10, SUITE 1000 • LAS VEGAS, NEVADA
PHONE (702)873-4100 • FAX (702) 873-9966