# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| AEVOE CORP.,         ) | Case No.: 2:12-cv-00054-GMN-RJJ |
|         ) | |
|        Plaintiff,    ) | **AMENDED ORDER** |
|   vs.         ) | |
|         ) | **(This Amended Order AMENDS the** |
| SHENZHEN MEMBRANE PRECISE  ) | **Order entered at ECF 31 on 01/26/12)** |
| ELECTRON LTD.,       ) | |
|         ) | |
|       Defendant.    ) | |
|         ) | |

## INTRODUCTION

This Court issued a Temporary Restraining Order on January 12, 2012, to enjoin Defendant Shenzhen Membrane Precision Electron Ltd. (Shenzhen Membrane) from selling its allegedly infringing products and allowing seizure of any allegedly infringing products. (*See* TRO, ECF No. 9.)  The Court also issued an Order to Show Cause why a permanent injunction enjoining and restraining Shenzhen Membrane from "practicing or otherwise using U.S. Patent No. 8,044,942, or any reproduction, counterfeit, copy or colorable imitation concerning the same, pending trial." (*See id.*)  The Court held the Order to Show Cause hearing on January 23, 2012.

## FACTS AND BACKGROUND

Plaintiff Aevoe Corp. ("Aevoe") is the owner of Patent No. 8,044,942 ("'942 Patent."). (Compl. ¶¶ 6–7.)  The patent covers an invention for a touch screen protector for handheld devices such as phones and tablets. (Lin Decl., Ex. 1 attached to Motion for TRO ¶1, ECF No. 8–1.)  The touch screen protectors are marketed under the brand name MOSHI. (*Id.*)  The protector includes a slightly raised outer perimeter, so that the transparent portion covering a device's touch screen is suspended just slightly above the screen itself, forming an enclosed air

space and preserving touch screen functionality while avoiding the bubbles that plague fully adhesive prior art touch screen protectors. (*Id.* at ¶2.)  Aevoe is a small and growing company. (*Id.* at ¶6.)

Shenzhen Membrane has been manufacturing and selling screen protectors for various electronic devices since 2004. (Zheng Decl., Ex. 1 attached to Response ¶3, ECF No. 16–1.) Shenzhen Membrane markets these products under its "I Love My Cover" and "Membrane" brands. (*Id.*; *see* Ex. C attached to Response, ECF No. 16–3.)  Shenzhen Membrane sells its products on an OEM and ODM basis.  (Response 2:28, ECF No. 16.)  Its products are sold in the United States, China, United Kingdom, Germany, Italy, Turkey, Japan, South Korea, Singapore, Thailand, Indonesia, Malaysia, Brazil, Venezuela, Canada, and Mexico. (Zheng Decl. at ¶4.)

The International Consumer Electronics Show ("CES") is held in Las Vegas.  CES attracts major players in the technology industry from over a hundred companies.  Shenzhen Membrane has participated in the show in 2011 and 2012.  Aevoe was also a participant in the 2012 show. (Lin Decl. at ¶6.)  While at CES Aevoe learned that Shenzhen Membrane had imported and was marketing products at CES that allegedly infringe upon the '942 Patent. (*Id.* at ¶ 7.)

Aevoe filed the instant suit alleging patent infringement. (*See* Compl.)  Aevoe also petitioned this Court for a Temporary Restraining Order to prevent Shenzhen from continuing to sell or market the allegedly infringing items as well as a Seizure Order to collect products that appear to be infringing items. (TRO Motion, ECF No. 8.)  This Court granted both requests and now addresses the issue of whether or not a preliminary injunction should be issued until a trial on the merits can be held.

## DISCUSSION

**A.    Legal Standard**

Under Fed. R. Civ. P. 65(b), the court can issue a preliminary injunction pending a trial

on the merits. The Ninth Circuit in the past set forth two separate sets of criteria for determining whether to grant preliminary injunctive relief:

> Under the traditional test, a plaintiff must show: (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases). The alternative test requires that a plaintiff demonstrate either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor.

*Taylor v. Westly*, 488 F.3d 1197, 1200 (9th Cir. 2007). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Id.*

The Supreme Court brought into question the Ninth Circuit's sliding scale test and reiterated that a plaintiff seeking an injunction must demonstrate that irreparable harm is "*likely*," not just possible. *Winter v. NRDC*, 129 S. Ct. 365, 374–76 (2008). The Supreme Court has made clear that a movant must show both "that he is *likely* to succeed on the merits [and] that he is *likely* to suffer irreparable harm in the absence of preliminary relief . . . ." *Winter*, 129 S.Ct. at 374 (citing *Munaf v. Geren,* 128 S. Ct. 2207, 2218–19 (2008); *Amoco Prod. Co. v. Gambell*, 480 U.S. 531, 542 (1987); *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311–12 (1982)) (emphases added).

A recent Ninth Circuit decision has clarified whether the slide scale approach is still a valid test under *Winter.* In *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, (9th Cir. 2011), the court held that the "serious questions" prong of the sliding scale test for preliminary injunctions remains viable after the Supreme Court's decision in *Winter.* "[T]he 'serious questions' approach survives *Winter* when applied as part of the four-element *Winter* test. That is, 'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows

that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* at 1135.

**B.    Analysis**

**1.    Success on the Merits**

A patent infringement claim has two elements: the existence of a valid U.S. patent, and proof of infringement of the patent's claims by the accused device, either literally or via equivalents. 35 U.S.C. § 271.  In order to establish a likelihood of success on the merits for its claim of patent infringement, Aevoe must show it is likely that a trier of fact would find the '942 Patent is valid and infringed. *See Gillette Co.* v. *Energizer Holdings, Inc.,* 405 F.3d 1367, 1370 (Fed. Cir. 2005).  An issued patent is presumed valid. 35 U.S.C. § 282; *Medical Instrumentation & Diagnostics Corp.* v. *Elekta AB,* 344 F.3d 1205, 1220 (Fed. Cir. 2003).

**a.    Patent Validity**

Shenzhen Membrane argues that at the preliminary injunction stage, the burden is on the patentee to show that its patent is valid and enforceable. *See Chrysler Motors Corp. v. Auto Body Panels of Ohio Inc.*, 908 F.2d 951 (Fed. Cir. 1990); *Nutrition 21 v. United States*, 930 F.2d 862, 869-870 (Fed. Cir. 1991); *Atlas Powder Co. v. Ireco Chemicals,* 773 F.2d 1230, 1233 (Fed. Cir. 1985).  At the preliminary injunction stage, the Court considers the evidence in light of the presumptions and burdens that will apply at trial. *Titan Tire Corp. v. Case New Holland, Inc.*, 566 F.3d 1372, 1376 (Fed.Cir.2009).  At trial, Aevoe will bear the burden of proving that Shenzhen's devices do infringe its patent and that it can defend against a challenge of invalidity. However, this does not change the fact that at the preliminary injunction phase  the patent is presumed valid.  The initial burden is on Shenzhen Membrane to produce evidence of invalidity. *Id.*  If evidence is provided that questions the validity of a patent then the court must weigh the evidence both for and against validity that is available at the preliminary injunction stage. *Id.* at 1379.  "If the [court] concludes there is a 'substantial question' concerning the validity of the

patent, meaning that the alleged infringer has presented an invalidity defense that the patentee has not shown lacks substantial merit, it necessarily follows that the patentee has not succeeded in showing it is likely to succeed at trial on the merits of the validity issue." *Id.* (citing *New England Braiding Co., Inc. v. A.W. Chesterton Company*, 970 F.2d 878, 883 (Fed. Cir. 1992)).

Shenzhen Membrane argues Aevoe's patent is not novel or nonobvious.  Shenzhen Membrane presents Apple's iPhone 3G smartphone as evidence that using a spacer to separate a touch screen from a transparent surface is not new to the relevant industry. (*See* Zheng Decl. at ¶5.)  In response, Aevoe admits that the '942 patent involves the idea of using a spacer to place a bubble-free protective cover over the transparent surface of the touch screen that can easily be applied and removed.  However, it argues that the patented screen protectors are placed on top of the touch screen devices in contrast to the spacer identified by Shenzhen Membrane in the iPhone 3G which is under the touch screen and part of the internal functionality of the touch screen itself.

A basic requirement for patentability is novelty. *See* 35 U.S.C. §§ 102, 103.  An "anticipated" or unoriginal invention is not novel, cannot be patented and will be found invalid. *See Kegel Co., Inc. v. AMF Bowling, Inc.*, 127 F.3d 1420, 1429 (Fed.Cir.1997).  To demonstrate anticipation, the prior art reference must disclose every limitation of the claimed invention either expressly or inherently. *Rapoport v. Dement*, 254 F.3d 1053, 1057 (Fed. Cir. 2001.)  Here, the prior art reference to the iPhone 3G does not disclose each and every element of the claimed invention as arranged in the claim.  As explained by Aevoe, the iPhone 3G spacer is internal to the phone while its patented invention is a touch screen protector that can be "removably" mounted onto and over the touch screen device.  Accordingly, these differences preclude any finding that it is anticipated.

Differences between a prior art reference and a claimed invention invoke the question of obviousness. *Net MoneyIN, Inc. v. VeriSign, Inc.*, 545 F.3d 1359 (Fed. Cir. (Ariz.) 2008.)  "An

obviousness determination is based on underlying factual inquiries including: (1) scope and content of the prior art; (2) the differences between the prior art and the claims; (3) the level of ordinary skill in the art; and (4) objective evidence of nonobviousness." *Riverwood Intern. Corp. v. Mead Corp.*, 212 F.3d 1365, 1366 (Fed. Cir. 2000).

Besides claiming that the iPhone 3G is prior art, Shenzhen Membrane does nothing to demonstrate why it would be obvious to a person of ordinary skill in the art to use a spacer along the outer perimeter of a touch screen protector to eliminate bubbles from being captured between the touch screen and the touch screen protector. During oral argument on the issue, Shenzhen Membrane admitted that the spacer in the iPhone 3G was used to address concerns about the oversensitivity of the touch screen. The '942 Patent does not purport to resolve sensitivity issues. Instead, the invention sets out to solve the need in the industry for a touch screen protector that is easily and quickly installed without the problems of trapping air bubbles or dust. It is apparent that one of the screen protectors' drawbacks or weaknesses (along with visibility) is that it also often traps air bubbles or dust. This has been a consistence hindrance since touch screens and screen protectors entered the market many years ago yet a spacer was never used. Thus, the Court does not find that Shenzhen Membrane has raised a substantial question regarding the patent's novelty or nonobviousness and therefore, Aevoe's issued patent is still presumed to be valid.

### b.   Infringement

Patent infringement will be found when a product contains each element of one of the patent's claims. *ACCO Brands, Inc.* v. *Micro Sec. Devices, Inc.*, 346 F.3d 1075, 1080 (Fed. Cir. 2003). Here, the first claim of the '942 Patent requires the following elements:

- A touch screen protector for a hand held electronic device having a front face that includes a touch screen portion and an outer perimeter comprising:

- a plastic film having front and back sides, an outer perimeter that corresponds to that of the device, and a transparent window that corresponds in size to the touch screen portion; and

- a spacer provided along the outer perimeter of the plastic film continuously surrounding the transparent window, having a thickness sufficient to space the plastic film near but not in contact with the touch screen portion, and an exposed adhesive for removably mounting the protector upon the outer perimeter of the front face to form an enclosed air space between the transparent window of the plastic film, the spacer and the touch screen portion of the device;

- wherein the window can be pressed against the touch screen portion for operation of the electronic device while preventing direct contact of a user's fingers with the touch screen portion and without producing visible interference patterns during use.

Aevoe alleges that Shenzhen Membrane's product infringes its patent because it also has each of these elements in its product.  The Court had the opportunity to visibly and physically examine the allegedly infringing products at the hearing and was able to identify each of these elements on some of the Shenzhen Membrane products before the Court[1].

Accordingly, the Court finds that Aevoe will likely succeed on the merits of its claims against Shenzhen Membrane products that are characterized by a spacer on the perimeter of the protective screen because there are no substantial questions going to the validity of the patent and these Shenzhen Membrane's products contain all the elements of claim one of the '942 Patent.

### 2.   Irreparable Harm

"A plaintiff seeking a preliminary injunction must demonstrate that irreparable injury is likely in the absence of preliminary relief." *Enyart v. National Conference of Bar Examiners, Inc.*, 630 F.3d 1153, 1165 (9th Cir. 2011)(citing *Winter*, 129 S.Ct. at 375). "Mere possibility of

---

[1] Aevoe agreed that not all of the products seized from Shenzhen Membrane were infringing and returned them during the hearing.

harm is not enough." *Id.*  Typically, monetary harm does not constitute irreparable harm sufficient to support a preliminary injunction. *California Pharmacists Ass'n v. Maxwell-Jolly*, 563 F.3d 847, 851 (9th Cir. 2009).  However, a forward-looking damages award would not be a meaningful remedy if the defendant does not have the ability to pay that damages award. *See Robert Bosch, LLC v. Pylon Mfg. Corp*, 659 F.3d 1142, 1156 (Fed. Cir. 2011).

Aevoe argues that a forward-looking money damages award would be insufficient because Shenzhen Membrane is a foreign company with no assets within the United States. Other courts have indeed found that money damages were insufficient in similar patent infringement cases involving foreign infringers.  *See Bushnell, Inc. v. Brunton Co.,* 673 F.Supp.2d 1241, 1263 (D. Kan. 2009) (granting preliminary injunction; "the prospect of collecting money damages from a foreign defendant with few to no assets in the United States tips in favor of a finding of irreparable harm"); *Canon Inc. v. GCC Int'l Ltd.*, 450 F. Supp. 2d 243, 255–56 (S.D. N.Y. 2006) (granting preliminary injunction where defendant was largely based abroad); *O2 Micro Intern. Ltd. v. Beyond Innovation Technology Co., Ltd.*, No. 2011–1054, 2011 WL 5601460, *10 (Fed. Cir. Nov. 18, 2011) (the likely availability of those monetary payments helps define when harm can be offset by monetary payments); *Robert Bosch,* 659 F.3d 1142, 1155–1156 (Fed. Cir. 2011) (reversing denial of permanent injunction where the likely availability of monetary damages was in question, citing *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, No. 2:04-cv-32, 2007 WL 869576, at *2 (E.D. Tex. Mar. 21, 2007), *vacated and remanded on other grounds,* 521 F.3d 1351 (Fed. Cir. 2008) where "'all three defendants are foreign corporations and that there is little assurance that [plaintiff] could collect monetary damages'").

Shenzhen Membrane did not deny that it has no assets within the United States at the hearing.  However, Shenzhen Membrane argues that it is a reputable business that does business in at least sixteen (16) countries, so collection of a judgment against it would not be difficult.

(*See* Zheng Decl. at ¶¶ 3, 4.)  During the hearing, Shenzhen Membrane also noted that it has plans to open an office in California in the near future.  Nonetheless, the Court is persuaded that it may be difficult or impossible to collect on a money judgment because Defendant currently is a foreign entity and this alone is sufficient to show that Aevoe will likely be irreparably harmed[2].

Shenzhen Membrane also argues that Aevoe delayed in bringing the suit to enforce its patent rights and as such the court may conclude that such a delay constitutes an implicit admission by the plaintiff that it is not suffering irreparable harm.  *See High Tech Medical Instrumentation, Inc. v. New Image Industries, Inc.*, 49 F.3d 1551, 1557 (Fed. Cir. 1995). Shenzhen Membrane points out that while the '942 patent was issued in October 2011, Aevoe waited until the CES show in January 2012 to assert any patent infringement lawsuits. However, Aevoe has already filed two suits in the Northern District of California against two other companies alleging infringement of the same patent. *See Aevoe Corp. v. SplashProducts LLC*, U.S. D.C., N.D. Cal, Case No. 3:11-cv-06165-MEJ (filed 12/12/2011); *Aevoe Corp. v. AE Tech Co. Ltd.*, U.S. D.C., N.D. Cal., Case No. 5:11-cv-06164-HRL (filed 12/12/2011). Accordingly, the Court finds that Aevoe has been diligent in its efforts to protect its patent rights.

Therefore, Aevoe has shown that it will likely be irreparably harmed if a preliminary injunction is not granted.

### 3.    Balance of Hardships

Shenzhen Membrane argues that it will be substantially harmed if a preliminary injunction is imposed because it will lose sales opportunities in the United States.  Shenzhen Membrane alludes to the idea that it is a relatively unknown company that has enjoyed some success.  But this is contrary to Shenzhen Membrane's other claims, namely that it is a reputable

---

[2] Shenzhen Membrane was advised that if it did take action which would change its status as a foreign entity, it could motion the court to determine if the injunction could be lifted.

company that has been in operation since 2004, it sells products in 16 countries and that is sells a variety of products. (Zheng Decl. at ¶¶ 3–4.)  In fact, during the hearing the parties were able to verify that there are actually very few allegedly infringing products.

To the contrary, Aevoe will more likely suffer greater hardships than Shenzhen Membrane.  If the injunction is not allowed, Aevoe will have to compete in the market against Shenzhen who admittedly sells its product for much less ($40 vs. $10).  Furthermore, Shenzhen Membrane admitted that they had not yet sold any of the allegedly infringing products in the United States.  This would seem to counter any argument Shenzhen Membrane claims regarding having to lay off 200 workers if they were unable to sell the product in the United States.  Their brochure reveals that it still has a full line of different touch screen protectors that it sells that Aevoe does not claim infringe its patent.  Accordingly, the Court finds that the balance of the hardships weighs in favor of Aevoe.

### 4.    Public Interest

The courts have long acknowledged the importance of the patent system in encouraging innovation. *Sanofi-Synthelabo v. Apotex, Inc.*, 470 F.3d 1368, 1383 (Fed. Cir. 2006).  "Indeed, the 'encouragement of investment-based risk is the fundamental purpose of the patent grant, and is based directly on the right to exclude.'" *Id.* (citing *Patlex Corp. v. Mossinghoff*, 758 F.2d 594, 599 (Fed.Cir.1985)).

Shenzhen Membrane argues that commercial disruption, such as being forced to lay off employees would weigh against granting a preliminary injunction. *See Atari Corp. v. Sega of America Inc.,* 32 U.S.P.Q.2d 1237, 1244 (N.D. Cal. 1994) (considering harm to defendant of laying off employees as factor in assessing equitable interests); *Archive Corp. v. Cipher Data Prods., Inc.*, 12 U.S.P.Q.2d 1464, 1469 (C.D. Cal. 1988) (holding equitable interests weighed in defendant's favor where injunction would force defendant to lay off employees and would leave third party manufacturers without a supply).  It argues that it will be forced to lay off employees

if the preliminary injunction is granted and all its business in the United States is threatened. (Zheng Decl. at ¶10.)  However, as previously discussed, all of its United States business would not be threatened because only a small portion of its product line is alleged to be infringing of the '942 patent.  Moreover, the contrary effect would result if the preliminary injunction was not granted and Aevoe would be faced with having to lay off workers in the United States if it must compete with Shenzhen Membrane's lower priced product.  Public interest would favor saving U.S. jobs over foreign jobs.

The high public interest in ensuring that patent holders have the right to exclude weighs in favor of granting injunctive relief.

## CONCLUSION

**IT IS HEREBY ORDERED** that Shenzhen Membrane, its agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, or having knowledge of this Order by personal service or otherwise be, and hereby are preliminarily enjoined from practicing, making, manufacturing, using, importing, offering for sale, and or selling products that infringe U.S. Patent No. 8,044,942, or any reproduction, counterfeit, copy, or colorable imitation of the same, and from transferring, moving, returning, destroying, or otherwise disposing of any Infringing Goods, including but not limited to the Membrane and Memshield products that are characterized by a spacer on the perimeter of the protective screen sufficient to form an enclosed air space between the transparent window of the protector and the touch-screen portion of the device on which it is installed, pending a trial on the merits.  This Amended Preliminary Injunction Order does not include Shenzhen Membrane Products that do not fit within the product description set-forth above.

Shenzhen Membrane is hereby given further notice that it shall be deemed to have actual notice of the issuance of the terms of this preliminary injunction and that any act by it in violation of any of the terms hereof may be considered and prosecuted as contempt of this Court

Order.

 **DATED** this 1st day of May, 2012.

_____
Gloria M. Navarro
United States District Judge